**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GREGORY GAMACHE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : Civ. No. 11-210-LPS | |
| | : | |
| FEDERAL BUREAU OF INVESTIGATION, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

Gregory Gamache, St. Charles, Missouri, Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

June 6, 2011
Wilmington, Delaware

STARK, U.S. District Judge:

## I.   INTRODUCTION

Plaintiff Gregory Gamache ("Gamache") of St. Charles, Missouri, filed this civil action on March 9, 2011. (D.I. 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915.

## II.   BACKGROUND

Gamache alleges that Defendants – the Federal Bureau of Investigation ("FBI") and the Federal Communications Commission ("FCC") – refuse to investigate complaints of unidentified government officials using electronic weapons to harm and kill "whistleblowers, undesirables, or persons of interest." (D.I. 2) Gamache alleges that such weapons operate from a distance and emit a frequency that injures, permanently damages, and kills people. *Id.*

Gamache asks the Court to order the FBI and FCC to investigate these matters and to provide aid to persons impacted by such incidents. *Id.* There are no assertions that Gamache has been attacked by an "electronic weapon;" apparently, he seeks relief on behalf of others.

## III.   STANDARD OF REVIEW

The Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most

1

favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989; *see also Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F .3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare

recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside,* 578 F.3d 203,210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## IV. DISCUSSION

According to the Public Access to Court Electronic Records website, within the past five months Gamache has filed over eighty actions in numerous other federal courts raising issues over electronic weapons. Indeed, he has filed identical actions against the same defendants in various federal district courts. Gamache's complaint is "clearly baseless" and presents a frivolous lawsuit containing allegations that are wholly fanciful, unbelievable, and which fail to state a claim for which relief can be granted. Even though Gamache may believe that his factual

allegations are "real," this does not preclude dismissal on the basis of frivolity. Other courts have arrived at the same conclusion concerning this type of allegation. *See, e.g., Christian v. Moore*, 2010 WL 3418390, at *1-2 (W.D.N.C. Aug. 30, 2010); *Hix v. Bush*, 2010 WL 2560446, at *1 (E.D. Mich. June 16, 2010); *Lignell v. Catholic Church*, 2010 WL 2521452, at *5 (D. Utah May 6, 2010).

Because Gamache's allegations are implausible, attenuated, and devoid of merit, the Court will dismiss the action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

V.  **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004). An appropriate Order follows.